UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal No. 07-150-02 (RMU) |
| | : |
| ANTONIO MAIS, | : |
| | : |
| Defendant. | : |

GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits the following memorandum in aid of sentencing in the above-captioned case. For the reasons set forth herein, the Government respectfully requests that the Court impose a sentence in accordance with the voluntary U.S. Sentencing Guidelines and the terms of the plea agreement in this case.

I.  **BACKGROUND**

On June 8, 2007, a federal grand jury returned a three-count Indictment charging Antonio Mais and his brother, Keith Mais, with Conspiracy, in violation of 18 U.S.C. § 371, Interstate Transportation of Stolen Securities, Aiding and Abetting in violation of 18 U.S.C. §§ 2314, 2 and First Degree Theft, in violation of D.C. Code §§ 3211, 3212(a), and 1805. On August 21, 2007, Defendant Antonio Mais pleaded, pursuant to a written plea agreement with the United States, to the first count of the Indictment, which charged Conspiracy.

According to the Statement of Offense agreed to by the Defendant and filed in this case, from approximately July 8 through August 17, 2002, Keith Mais was employed at the D.C. Department of Health (DOH), 825 North Capitol Street, NE, Washington, D.C. He had obtained this position through a D.C. summer youth program run by the Youth Employee Program Office

(YEP) of the D.C. Department of Employee Services. During his employment, he worked in the DOH mail room and had access to the incoming and outgoing mail.

While working at DOH, Keith Mais learned that a number of D.C. government checks were mailed from or passed through the DOH mail room. He had access to and was responsible for sorting some of these checks. A number of checks which passed through the DOH mail room were written by the District of Columbia Government on its accounts at Bank of America and Nationsbank. Many of these checks were written and made payable to contractors, vendors, and individuals who were owed money by the District of Columbia Government.

While Keith Mais worked at this DOH summer job, his brother and co-conspirator, Antonio Mais, maintained two bank accounts at the Chevy Chase Bank. The accounts were in the name of Antonio Mais, who was the sole owner of the accounts and the only person authorized to use the bank accounts.

During the Summer of 2002, Antonio Mais, had an Automatic Teller machine (ATM) card issued to him by Chevy Chase Bank for the above-referenced bank accounts. This ATM card enabled Antonio Mais, to access his bank accounts, make deposits, and withdraw money from various locations in the State of Maryland.

From on or about July 8, 2002, and continuing thereafter until on or about August 17, 2002, Antonio Mais and Keith Mais did unlawfully, knowingly, and willfully, conspire and agree together and with each other to Commit an offense against the United States of America, to wit.: Interstate Transportation of Stolen Securities, in violation of Title 18, United States Code, Section 2314, through the interstate transportation from the District of Columbia to the State of Maryland of 15 stolen checks, the property of the District of Columbia, in the approximate

aggregate amount of $19,806.40., in order to obtain money and enrich themselves by forging and negotiating the stolen checks.

The conspiracy was accomplished as follows: Keith Mais would steal checks from the DOH mail room in the District of Columbia and he would forge the signatures on the stolen checks. Keith Mais and Antonio Mais, would transport the stolen checks from the District of Columbia to the State of Maryland. Antonio Mais would deposit the stolen checks into his bank accounts at Chevy Chase Bank. Antonio Mais would withdraw funds from his bank accounts at Chevy Chase Bank, the proceeds of the stolen checks, and share the proceeds with Keith Mais.

## II.    SENTENCING CALCULATION

### A.    Statutory Maximum

Defendant pleaded guilty to one count of Conspiracy, in violation of 18 U.S.C. § 371. The maximum sentence for the federal offense is 5 years imprisonment, a fine of $ $250,000.00, a $100 special assessment, a 3-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

### B.    Sentencing Guideline Calculation

The parties agree to the Guidelines calculations utilized in the Presentence Report ("PSR"), which correctly calculates Defendant's total offense level at 10. See PSR ¶ 27. Pursuant to the plea agreement, the Government agreed not to oppose a two-level reduction for acceptance of responsibility. See PRS ¶ 29. The PSR also correctly lists Defendant's criminal history as Category I. See PSR ¶ 33. Therefore, the guideline range for Defendant is correctly calculated in the PSR as 0 to 6 months. See PSR ¶ 58. The Government also agreed not to oppose a Defense request for voluntary self-surrender for any sentence that is imposed.

### D. <u>Restitution</u>

As part of thee plea agreement, and during the plea proceeding colloquy, Defendant Mais was advised that the maximum sentence in this case could include an order of restitution. The parties agreed, per the plea agreement, that the loss is $7,683.67. Restitution payments should be made to the following entities and in the following amounts:

1. $3,197.78 to Chevy Chase Bank, 14601 Switzer Lane, Laurel, MD 20707, Attn: Rick Slaughter;
2. $500.00 to Bank of America, Security Department, 225 N. Calvert Street, Baltimore, MD 21202, Attn: Rich Parker;
3. $3,863.89 to the D.C. Treasurer, Government of the District of Columbia, Office of Tax and Revenue, P.O. Box 37559, Washington, D.C. 20013; and
4. $122.00 to D.C. Superior Court, 500 Indiana Ave., NW, Washington, D.C. 20001, Attn: Ray Richardson.

### E. <u>Prior Criminal History</u>

Defendant has no criminal history. <u>See</u> PSR ¶ 32.

### III. <u>FACTORS TO BE CONSIDERED IN IMPOSING SENTENCE</u>

In accordance with the factors enumerated in 18 U.S.C. § 3553, the Government submits the following information for the court's consideration in determining the appropriate sentence in this case:

### A. <u>The nature and circumstances of the offense.</u>

This case presents an on-going course of criminal conduct in which Defendant Antonio Mais participated for approximately 5 weeks. The case involved repeated instances of theft of

checks and transportation of the stolen checks across state lines.

**B.  The history and characteristics of the defendant.**

The defendant is a high school graduate (See, PRS ¶ 47).  He is currently studying physical therapy (See, PRS ¶ 48).

**C.  The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

This is a serious offense which resulted in significant financial losses to two banks, the D.C. Government, and the D.C. Superior Court.  A sentence in accordance with the advisory U.S. Sentencing Guidelines will send a clear message to other individuals similarly motivated to steal that this kind of conduct could subject them to prosecution and punishment.  Conversely, a sentence that is too light could send the message that this kind of criminal behavior is not dealt with seriously.  Such a sentence will not promote respect for the laws.  A sentence in accordance with that provided by the U.S. Sentencing Guidelines will provide just punishment for the offense, because it takes into account the loss amount, the harm to the victims, and the nature of the offense.

**D.  The need for the sentence imposed to afford adequate deterrence to criminal conduct.**

A guideline sentence will specifically deter Defendant Antonio Mais from any future criminal conduct.  In addition, other members of the public similarly situated in positions that would enable them to steal checks from their employers may reconsider committing such criminal behavior when weighing the consequences that can occur, including arrest, prosecution, conviction, and punishment.

**E. The need for the sentence imposed to protect the public from further crimes of the defendant.**

This case does not involve a violent crime. Therefore, the traditional notions of protection of the public are not impacted. The theft here was from a government agency; the D.C. Government, with losses shouldered by the victims referenced previously in connection with the restitution figures.

**F. The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

This criteria is not relevant here as defendant has no known medical issues and is has attained his high school diploma.

### IV. CONCLUSION

The government respectfully requests that the Court sentence Defendant Antonio Mais in accordance with the plea agreement in this case and the voluntary U.S. Sentencing Guidelines.

Respectfully submitted,
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____/s/_____
SHERRI L. SCHORNSTEIN.
D.C. Bar # 415219
Assistant U.S. Attorney
Fraud & Public Corruption Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-6956

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Government's Memorandum in Aid of Sentencing was served on counsel for Defendant, Mary Petras, Esq., Assistant Federal Public Defender, Federal Public Defender's Office, 625 Indiana Avenue, N.W., Suite 550, Washington, D.C. 20004, this <u>30th</u>, day of November, 2007, via the U.S. Mail.

                                                /s/
                                    SHERRI L. SCHORNSTEIN
                                    Assistant U.S. Attorney