**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


UNITED STATES OF AMERICA          :

          v.                      :          **07-CR-150 (RMU)**

ANTONIO MAIS                      :


## MEMORANDUM IN AID OF SENTENCING

On August 21, 2007, Mr. Antonio Mais entered a plea of guilty before this Honorable
Court to one count of conspiracy to commit interstate transportation of stolen securities, in
violation of 18 U.S.C. § 371.  He will appear before the Court for sentencing on December 18,
2007.  For the following reasons, and such other reasons as may be presented at the sentencing
hearing, Mr. Mais respectfully requests that the Court impose a sentence at the low end of the
range recommended by the United States Sentencing Guidelines ("Guidelines") -- that is a
sentence of supervised release or probation.

### Factual Background

Mr. Mais was born in Washington, D.C., and lived with his parents until he was three
years old.  His father then abandoned the family, and his mother became depressed and began
using drugs.  She quickly became addicted and unable to care for her children.  When Mr. Mais
was six years old, he and his brother were placed in foster care.  Mr. Mais remained in foster care
for five and a half years, living in two different homes.  When he was eleven, his aunt obtained
custody, and he lived with her until he graduated from high school.

In 2001, Mr. Mais graduated from Arch Bishop High School.  Since that time, he has
consistently maintained employment, first working various clerical and administrative jobs.

Later, he obtained a position as a security guard, and more recently, he has been working as a physical therapy aide.

Despite his mother's addiction and neglect, Mr. Mais attempted to maintain a close relationship with her. As described in the Presentence Investigation Report ("PSI"), in 2003, Mr. Mais witnessed his mother being struck by a car. PSI at ¶ 38. At the time, she was running to get help for Mr. Mais, who was being confronted by several neighborhood bullies. Mr. Mais feels a great deal of guilt from this tragedy, which exasperated his depression, for which he had been hospitalized twice as an adolescent. Recently, he has sought counseling for his depression though the Ephesians Ministries in Silver Spring, Maryland.

The offense at issue occurred more than five years ago, in 2002, when Mr. Mais was 20 years old. He has never been arrested for or convicted of any other criminal offense. He has been arrested twice for the instant offense. In 2003, he was arrested and charged in Prince George's county with the offense conduct now charged in this matter. After his arrest in Prince George's county, he was held for three or four days before he saw a judge and was released. That case was dismissed in late 2003. The United States Attorney's Office then pursued the charges and obtained an indictment. Although during the course of the government's investigation Mr. Mais was in contact with the government through undersigned counsel and offered to voluntarily appear in court when an indictment was returned, after obtaining an indictment, the government sought and obtained a warrant. Mr. Mais and counsel were not notified of the warrant, and Mr. Mais was arrested again on June 12, 2007.

In August, 2007, Mr. Mais accepted responsibility for the charged offense and pled guilty. Since his release, he has abided by the conditions imposed by the Court and has demonstrated that he will do well on supervised release or probation.

Currently, Mr. Mais is working two jobs.  As noted in the PSI, he is employed as a physical therapist aide at Sports Orthopedic in Silver Spring, Maryland.  Recently, because Sports Orthopedic was over-staffed, Mr. Mais's work hours were reduced to 20 hours a week. Mr. Mais, however, quickly obtained a second job, working 16 hours a week as a physical therapy aide at Holy Cross Hospital.

In addition to working, Mr. Mais has enrolled at Montgomery Community College. There, he will seek a two-year degree in physical therapy.  He is scheduled to begin classes in January, 2008.

### Argument

When imposing a sentence, the Court must consider:

(1)     "the nature and circumstances of the offense";

(2)     "the history and characteristics of the defendant;"

(3)     "the need for the sentence imposed to – "

    (a)     "reflect the seriousness of the offense";
    (b)     "to promote respect for the law";
    (c)     "to provide just punishment for the offense;"
    (d)     "to afford adequate deterrence to criminal conduct;"
    (e)     "to protect the public from further crimes of the defendant; and"
    (f)     "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

(4)     "the kinds of sentences available;"

(5)    the United States Sentencing Guidelines, including policy statements;

(6)    "the need to avoid unwarranted sentence disparities among defendants with similar records who have ben found guilty of similar conduct; and"

(7)    "the need to provide restitution to any victims of the offense."

See 18 U.S.C. § 3553(a); United States v. Booker, 543 U.S. 220, 259 (2005).

Congress has further provided that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, *recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.*

See 18 U.S.C. § 3582 (emphasis added). With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, *but not greater than necessary*, to comply with the purposes [of sentencing]." 18 U.S.C. § 3553(a) (emphasis added).

As the D.C. Circuit recently stated, "[a] sentencing judge cannot simply presume that a Guidelines sentence is the correct sentence." United States v. Pickett, 475 F.3d 1347, 1353 (D.C. Cir. 2007). The Guidelines are only one of several factors the Court must consider. Booker, 543 U.S. at 259; Pickett, 405 F.3d at 1352. When considering the Guidelines, the Court must "evaluate how well the applicable Guideline effectuates the purposes of sentencing enumerated in § 3553(a)." Id. Here, Guidelines and the other § 3553 factors support a sentence of probation or supervised release.

**(1)      The Nature and Circumstances of the Offense.**

The offense occurred more than five years ago and involved the theft of $19,806.40. Mr. Mais recognizes that this was a serious offense and makes no excuses for his conduct. He fully accepts responsibility for his participation in this offense.

**(2)      The History and Characteristics of the Defendant.**

Mr. Mais was only twenty years old at the time of this offense. In the more than five years since the offense occurred, he has been working and seeking to further his education. During this time, Mr. Mais has demonstrated that he can be a productive, law abiding citizen.

**(3)      The Purposes of Sentencing.**

A sentence of supervised release or probation would be sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. Mr. Mais's two arrests for this offense have had a significant effect of him and his life. The days he spent in jail at the Prince George's County detention center were enough to impress upon him the consequences of breaking the law. In addition to enduring two arrests for this offense, as a result of his conduct, he now has a felony conviction. This conviction will have significant consequences on his future -- most significantly, it will limit his employment opportunities.

No period of incarceration is necessary to protect the public from further crimes of the defendant -- there will be no further crimes. The effect that this case has had on his life – absent any additional period of incarceration – is sufficient to guarantee that he will never commit another offense. Moreover, as the United States Sentencing Commission has recognized, defendants without any prior contact with the criminal justice system are unlikely to recidivate.

See United States Sentencing Commission, Recidivism and the "First Offender", A Component of the Fifteen Year Report on the U.S. Sentencing Commission's Legislative Mandate (May 2004) (offenders with no prior arrests or convictions have the lowest recidivism rate).

Finally, no period of incarceration is necessary "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." See 18 U.S.C. § 3553(a). Mr. Mais has maintained employment since graduating from high school, is working two jobs, is enrolled in college, and has sought counseling for his depression.

**(4)    The Kinds of Sentences Available.**

Here, rather than imposing a period of incarceration, the Court can impose a period of probation or supervised release. This alternative is an appropriate form of punishment in light of Mr. Mais's background and characteristics.

**(5)    The United States Sentencing Guidelines.**

A sentence of probation is within the sentencing range recommended by the United States Sentencing Guidelines. The recommended sentence under the Guidelines is 0 to 6 months, based on a criminal history category I and a total offense level 8. In sentencing matters, the government consistently argues that the Guidelines represent the appropriate benchmark for sentencing because they are the product of the expert United States Sentencing Commission. Here, a Guidelines sentence of probation or supervised release is appropriate not only because the Commission has determined that such a sentence would be appropriate, but also because a review of the other § 3553 factors supports this conclusion.

**(6)      The Need to Avoid Unwarranted Sentence Disparities.**

Because a sentence of probation is within the sentencing range recommended by the

Guidelines, such a sentence will not cause any unwarranted sentence disparity.

**(7)      The Need to Provide Restitution to Any Victims of the Offense.**

As noted in the PSI, the majority of the money taken in this case was recovered, and

Mr. Mais has agreed to pay the remaining restitution.  If permitted to remain in the community

and continue working, Mr. Mais will be able to pay the full restitution more quickly.

<u>**Conclusion**</u>

For all of the foregoing reasons and such other reasons as may be presented at the

sentencing hearing, the Court should impose a sentence of probation or supervised released.

Such a sentence would be reasonable and appropriate.


Respectfully submitted,

A.J. KRAMER

FEDERAL PUBLIC DEFENDER

/s/

_____
MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500 ext. 109

7